UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANGEL HERNANDEZ,                 )          NO. CV 16-7576-GW (AGR)
                                 )
              Petitioner,        )
                                 )
       v.                        )
                                 )          OPINION AND ORDER ON
                                 )          PETITION FOR WRIT OF
S. HATTON, WARDEN, et al.,       )          HABEAS CORPUS
                                 )          (SUCCESSIVE PETITION)
              Respondents.       )
                                 )
_____  )

On October 11, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2008 conviction of various crimes in Los Angeles County Superior Court and his resulting "second strike" sentence of 63 years in prison.  Because he previously challenged the conviction here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

## I.

## PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in the Central District.

The Petition and judicially-noticeable records indicate that Petitioner was convicted of several robberies and other crimes, with gun-use enhancements, in 2008.  He "admitted that he suffered a prior conviction for a serious felony, which qualified as a strike under the Three Strikes Law. . . .  The trial court sentenced [him] to 63 years in state prison."  *See People v. Hernandez*, No. B210246, 2009 WL 3823912 (Cal. Ct. App. 2d Dist.).

On October 11, 2012, petitioner filed a Petition for Writ of Habeas Corpus in this Court in case number CV 12-8716-GW (AGR) (*Hernandez I*).  Petitioner challenged the same 2008 convictions.  On May 4, 2015, the Court accepted the Magistrate Judge's Report And Recommendation, denied the habeas petition with prejudice as untimely, and denied a certificate of appealability.  (Dkt. Nos. 46, 51, 52, 53 in *Hernandez I*.)  Petitioner did not file a Notice of Appeal, nor does the docket reflect that he sought a certificate of appealability from the Ninth Circuit.

On October 11, 2016, Petitioner filed the current Petition.  Petitioner challenges the same 2008 convictions and the enhancement of his sentence.

**II.**

**DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in

1  play, the district court may not, in the absence of proper authorization from the

2  court of appeals, consider a second or successive habeas application.") (citation

3  and quotation marks omitted).

4  Here, the Petition is a second or successive petition challenging the same

5  conviction and sentence imposed by the same judgment of the state court as in

6  *Hernandez I.  See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We

7  hold that the dismissal of a habeas petition as untimely constitutes a disposition

8  on the merits and that a further petition challenging the same conviction would be

9  'second or successive' for purposes of 28 U.S.C. § 2244(b)."), *followed by*

10  *Brandon v. Los Angeles County Sup. Ct.*, No. 15-2187-CAS, 2015 WL 1541567,

11  *3 (C.D. Cal. April 2, 2015) (same).

12  Rule 4 of the Rules Governing Section 2254 Cases in the United States

13  Courts provides that "[i]f it plainly appears from the face of the petition and any

14  attached exhibits that the petitioner is not entitled to relief in the district court, the

15  judge must dismiss the petition and direct the clerk to notify the petitioner."  Here,

16  summary dismissal is warranted.

### III.

### ORDER

19  IT IS HEREBY ORDERED that Judgment be entered summarily dismissing

20  the Petition and action for lack of subject matter jurisdiction.

DATED: October 18, 2016

_____
GEORGE H. WU
United States District Judge

3